HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE THOMPSON, et al.,

    Plaintiffs,

    v.

NORTH AMERICAN TERRAZZO, INC., et al.,

    Defendants.

CASE NO. C13-1007RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendants' motion for attorney fees.  For the reasons stated herein, the court DENIES the motion.  Dkt. # 60.

## II.  BACKGROUND & ANALYSIS

On March 4, 2015, the court entered an order granting in part and denying in part Defendants' motion for summary judgment, leaving several claims remaining for trial.  That order put an end to the claims of Plaintiff Vitaliy Ostapyuk, because the court ruled that he had no timely claims as a matter of law.

On March 13, Defendants' counsel notified the court (via email to the in-court deputy clerk) that the parties had settled.  The deputy clerk responded, in accordance with the court's standard practice, that the court would either set a deadline for the parties to submit a stipulated dismissal that they would craft themselves, or that the court would dismiss the case immediately with its "standard order of post-settlement dismissal . . . ."

ORDER – 1

The deputy clerk explained that the "standard order" would contain "essentially the following language:"

> The parties have notified the court that they have reached a settlement of this case. The court accordingly DISMISSES this case with prejudice and without court-ordered costs or attorney fees to any party.

Defendants' counsel responded only that "Defendants are fine with course #1. Thank you." The standard dismissal order was the "course #1" to which Defendants' counsel referred. Plaintiffs' counsel also agreed.

The court entered its standard dismissal order the same day. It stated that "IT IS ORDERED that this action and all claims asserted herein are DISMISSED with prejudice and with each party bearing its own costs and attorneys' fees." Dkt. # 59.

Thirteen days later, Defendants filed the motion before the court. They requested attorney fees and costs to be awarded solely for the "unreasonable and unnecessary pursuit of groundless claims by Plaintiff Vitaliy Ostapyuk" and his counsel. When the court ordered Defendants to explain why the court should award attorney fees despite the court's dismissal order and Defendants' consent to it, Defendants' counsel declared that he assented to that order "with the belief that it effectively dismissed only the remaining four plaintiffs' claims, as Plaintiff Vitaliy Ostapyuk's claims had already been dismissed by the Court as a matter of law." Counsel claims that he would not have consented to the order if he had realized that he could not seek attorney fees against Mr. Ostapyuk.

The court rules that Defendants unambiguously waived their right to seek attorney fees against Mr. Ostapyuk. The language to which Defendants consented unambiguously stated that a "standard order" of dismissal would come "without court-ordered costs or attorney fees to any party." Defendants point to no reason that it would be objectively reasonable to believe that their desire to seek fees against Mr. Ostapyuk was exempt from the order merely because the court had already dismissed claims against him. That is true as a matter of plain language, but it is also true as a legal matter. An order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

ORDER – 2

parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  The court notes that Defendants' themselves cited this portion of Rule 54 in response to Plaintiffs' assertion that their motion for attorney fees was untimely because it came too long after the order dismissing Mr. Ostapyuk's claims.

Even if Defendants had not waived their right to seek attorney fees, their fee request is plainly excessive.  They request just under $11,000 in fees, claiming that their defense against the claims of Mr. Ostapyuk, who was one of five Plaintiffs in this case, comprised one fifth of their total attorney fees in this case.  The court expresses no opinion as to whether the conduct of Mr. Ostapyuk (or, more likely, his counsel) in pursuing his plainly untimely claims satisfied the standard that applies to awarding attorney fees to a prevailing defendant in a Title VII case or the standard for imposing sanctions via 28 U.S.C. § 1927.[1]  The court observes, however, that Defendants could have obtained judgment against those claims at the outset of this case by filing a brief motion pointing out that they were plainly untimely.

### III.  CONCLUSION

For the reasons stated above, the court DENIES Defendants' motion for attorney fees.  Dkt. # 60.

Dated this 23rd day of July, 2015.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

---

[1] The court will not comment again on Plaintiffs' counsel's approach to litigating this case.  It relies on the observations it made in its March 4 order.  Mar. 4, 2015 ord. (Dkt. # 58) at 26 (denying Defendants' motion for Rule 11 sanctions, but noting that "the conduct of Plaintiffs' counsel both in opposing Defendants' summary judgment motion and in moving for summary judgment is beneath the standard that the court expects of attorneys practicing before it").

ORDER – 3